# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50434
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL MARTINEZ-VILLESCAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-32

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Daniel Martinez-Villescas appeals his within-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He contends that his 57-month term of imprisonment is substantively unreasonable.

We assess the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). As Martinez-Villescas recognizes, his argument that this court should not apply the reasonableness presumption because U.S.S.G. § 2L1.2 lacks an empirical basis is foreclosed. *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). While he also contends that the guidelines "produced an unfair range in his particular case" in light of "significant mitigating facts," it is well-settled law that the advisory guidelines range is a "starting point and the initial benchmark" for determining an appropriate sentence. *Gall*, 562 U.S. at 49. Whether to deviate from the advisory guidelines range is within the sound discretion of the district court, and Martinez-Villescas has not identified any authority permitting us to overturn the presumption of reasonableness that we apply to within-guidelines sentences. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

Martinez-Villescas also argues that the sentence does not reflect his personal history because, by returning to the United States, he was merely fleeing after his life was threatened in Mexico to the country where he had been raised and lived for 43 years. The record shows that Martinez-Villescas explained his reasons for return but that the district court determined that a within-guidelines sentence was appropriate due to his criminal history. By arguing that he should have received a below-guidelines sentence, Martinez-Villescas is urging us to reweigh the 18 U.S.C. § 3553(a) factors. However, we defer to the district court's assessment of the facts and their import under § 3553(a), and Martinez-Villescas has failed to rebut the reasonableness presumption or show that his within-guidelines sentence is substantively unreasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

Accordingly, the judgment of the district court is AFFIRMED.